**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina D. Murillo, | No. CV-13-01569-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

Plaintiff Christina D. Murillo seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is based on legal error, the Commissioner's decision will be vacated and the matter remanded for an award of benefits.

## I.     Background.

Plaintiff was born in December 1975. She has a bachelor's degree in social work and has previously worked as a benefits administrator and a benefits specialist.

On September 3, 2009, Plaintiff applied for disability insurance benefits. On July 13, 2010, she applied for supplemental security income. She alleged disability beginning July 29, 2009 in both applications. On October 17, 2011, she appeared with her attorney and testified at a hearing before the ALJ. A vocational expert also testified.

On November 10, 2011, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.

**II.     Standard of Review.**

The district court reviews only those issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

**III.    ALJ's Five-Step Sequential Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii).  If not, the claimant is not disabled and the inquiry ends.  *Id.*  At step three, the ALJ considers whether the claimant's impairment or combination of

impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and that she has not engaged in substantial gainful activity since July 29, 2009. At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia, migraine headaches, and obesity. The ALJ also found that Plaintiff has mild sleep apnea. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff has the RFC to perform:

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(b), with the ability to lift and carry 10 pounds frequently and 20 pounds occasionally, sit, stand and walk for 6 out of 8 hours per day with a sit-stand option required at will, unlimited pushing and pulling with the upper and lower extremities as long as within these weight limits, occasional balancing, climbing, crouching and crawling, frequent stooping and kneeling, and the need to avoid extremely cold temperatures, dust, fumes and gases, humidity, hazardous heights and moving machinery, and no more than moderate noise levels, and the ability to tolerate office-level noise.

A.R. 23-24. The ALJ further found that Plaintiff is able to perform her past relevant work as a benefits administrator or benefits specialist because such work does not require the performance of work-related activities precluded by Plaintiff's RFC.

**IV.     Analysis.**

Plaintiff argues the ALJ's decision is defective for two reasons: (1) the ALJ erroneously weighed medical source evidence, and (2) the ALJ improperly evaluated Plaintiff's credibility and discounted her subjective testimony.  Because the Court finds that the ALJ erroneously weighed medical source evidence, it need not address Plaintiff's assertion that the ALJ improperly evaluated her credibility.

**A.     Weighing of Medical Source Evidence.**

Plaintiff argues that the ALJ improperly weighed the medical opinions of the following medical sources: treating physicians Drs. Dai, Bhalla, and Tran; examining psychologist Dr. Walter; licensed professional counselor Mr. Tucker; and examining physical therapist and disability specialist Mr. Randall.  Doc. 10 at 5.  Because the Court finds that the ALJ erroneously weighed Dr. Dai's medical opinion, it will not address Plaintiff's arguments regarding the other medical sources.

**1.     Legal Standard.**

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician.  *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence).  If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons.  *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).  A contradicted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). But "[t]he ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and does not give significance to a statement by a medical source that the claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d).

### 2.      Anita Dai, M.D.

Plaintiff's treating physician, Anita Dai, M.D., specializes in internal medicine. Doc. 10 at 5. On November 6, 2010, Dr. Dai opined that Plaintiff suffered from frequent migraine headaches lasting three hours or more. A.R. 541. She opined that Plaintiff's headaches were accompanied with vertigo/dizziness, nausea, fatigue, and pain, and that the headaches occurred 15 times per month. *Id*. She further opined that Plaintiff had moderate restrictions on exposure to unprotected heights, moving machinery, marked changes in temperature and humidity, and dust, fumes and gases. *Id*. The ALJ did not accord Dr. Dai's opinion about Plaintiff's migraine headaches "greater weight" because, the ALJ explained, "the greater objective record fails to show [Plaintiff's] headaches have occurred as frequently or with the severity of those cited by Dr. Dai, or that [Plaintiff] is otherwise unable to sustain at least sedentary work activity." A.R. 27.

Dr. Dai's medical opinion was contradicted by the opinions of Drs. Marc Wasserman, M.D. and D. Fruchtman, D.O., examining physicians who opined that Plaintiff had greater abilities than those identified in Dr. Dai's opinion. A.R. 25-26. The ALJ therefore could discount Dr. Dai's opinion for specific and legitimate reasons supported by substantial evidence. *Lester*, 81 F.3d at 830-31.

Unfortunately, the ALJ's reason for discounting Dr. Dai's opinion was limited to a single phrase – "the greater objective record fails to show the claimant's headaches have

occurred as frequently or with the severity of those cited by Dr. Dai" – and no citations to the record.  AR 27.[1]  If the Court looks elsewhere in the ALJ's opinion to try and determine the reasons for the ALJ's conclusion, little support can be found.

The ALJ's discussion of the record provides only two references to migraine headaches that plausibly contradict Dr. Dai's opinion.  First, the ALJ cites Dr. Wasserman's statement that Plaintiff's migraines were "under decent control."  A.R. 25, 716.  But Dr. Wasserman did not explain what he meant by "decent control," and his opinion states that Plaintiff suffers from migraine headaches three times per week.  AR 716.  Second, the ALJ states that "[a]s of April 28, 2011, [Plaintiff] reported improvement in her headaches."  Unfortunately, the ALJ provides no citation to the 1,095-page record for this statement.  A.R. 25.

That's it.  The ALJ's opinion cites no other portions of the "greater objective record" to support her conclusion that Plaintiff's headaches occur less frequently and with less severity than described by Dr. Dai.  Mere references to an unclear statement by Dr. Wasserman and an incited report by Plaintiff, neither of which is even mentioned in the ALJ's discussion of Dr. Dai's opinion, certainly do not constitute specific and legitimate reasons supported by substantial evidence in the record.  Nor do they satisfy the Ninth Circuit's requirement that the ALJ provide a "detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings."  *Cotton*, 799 F.2d at 1408.

The Commissioner admits "that Plaintiff had 'severe' migraine headaches," but argues that Plaintiff's neurological exams were consistently normal and provides numerous supporting citations.  Doc. 14 at 9.  The Court cannot, however, consider reasons or factual findings not provided by the ALJ.  "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit

---

[1] The only two citations in this paragraph of the ALJ's opinion are to Dr. Dai's opinions.  AR 27.

what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).  The same is true for the Commissioner's assertion that Plaintiff denied headaches, that Plaintiff reported fewer headaches, or that Drs. Wasserman, Mantey, and Johnson – and Dr. Dai herself – all concluded that Plaintiff's headaches were controlled or stable with treatment.  Doc. 14 at 10, 13.  None of these reasons was cited by the ALJ, and the Court cannot "intuit" from her vague reference to "the greater objective record" that she relied on them.[2]

Because the ALJ clearly failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Dai's opinion, the Court concludes that the ALJ committed legal error.  Her decision must therefore be vacated.[3]

## B.     Remand.

Where an ALJ fails to provide adequate reasons for rejecting the opinion of a physician, the Court must credit that opinion as true.  *Lester*, 81 F.3d at 834.  An action should be remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited as true.  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996).

---

[2] Defendant's brief included a thorough and careful review of the record, as well as detailed arguments.  Defendant is reminded, however, of the need to comply with the Court's local rules on lines per page and font size in text and footnotes.  *See* LRCiv 7.1(b)(1).

[3] Although the Court need not address them, the ALJ discounted the opinions of Drs. Bhalla and Tran for the same cryptic reason – that their opinions were not supported by "the greater objective record."  AR 28.  When the Ninth Circuit has repeatedly instructed that treating physician opinions may be discounted by ALJs only for clear and convincing or specific and legitimate reasons, the Court finds it very frustrating to see opinions such as the one in this case.  Such opinions invite reversal and remand for an award of benefits under the established credit-as-true doctrine, when simple compliance with the Ninth Circuit's longstanding instructions for writing decisions might well result in different outcomes.

1    At Plaintiff's hearing, a vocational expert testified that an individual who suffered
2    from less severe and less frequent headaches than those described in Dr. Dai's opinion
3    would be disabled.  A.R. 57.  When Dr. Dai's opinion is credited as true, therefore, the
4    expert opinion makes clear that the Court must remand for an award of benefits.

5    **IT IS ORDERED:**

6    1.    The final decision of the Commissioner of Social Security is **vacated** and
7          this case is **remanded** for an award of benefits.

8    2.    The Clerk shall enter judgment accordingly and **terminate** this action.

9    Dated this 28th day of May, 2014.

_____
David G. Campbell
United States District Judge

- 8 -