**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina D. Murillo,<br><br>                    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>                    Defendant. | No. CV-13-01569-PHX-DGC<br><br>**ORDER** |

Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g) after her application for disability benefits was denied. Doc. 1. The Court reversed Defendant's decision and remanded the case for an award of benefits. Doc. 16.

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. 20. The motion is fully briefed and no party has requested oral argument. For reasons that follow, the Court will grant the motion and award Plaintiff attorney's fees in the amount of $6,972.03.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Doc. 16; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorney's fees under the EAJA unless Defendant shows that her position in this case was "substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258. A position is substantially justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

Defendant does not contend that an award of fees in this case would be unjust. Nor has she shown that the positions taken in defense of the ALJ's erroneous decision were substantially justified.

Defendant argues that her position was substantially justified "[b]ecause reasonable people can disagree whether the [ALJ]'s decision in this case was appropriate[.]" Doc. 21 at 4. The Court found that the ALJ committed legal error by failing to identify legally sufficient reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Dai. Doc. 16 at 6-7. The opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal citation omitted). The Court found that the ALJ failed to provide any support for her decision to reject Dr. Dai's opinion, other than to state that it was not consistent with "the greater objective record." Doc. 16 at 5-6. Because the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of a treating physician, her decision did not comport with the Ninth Circuit's requirements and therefore constituted legal error. Defendant's position cannot be said to have a "reasonable basis in law," and was not substantially justified.

Plaintiff's counsel, Eric Slepian, has filed an affidavit (Doc. 20-1 at 9-10) and an itemized statement of fees (Doc. 20-1 at 6-7) showing that he worked 36.80 hours on this case.[1] Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

/ / /

---

[1] In her reply brief, Plaintiff also requests an additional $284.67 for time spent pursuing this fee motion. Doc. 22 at 2. Because Plaintiff does not submit an affidavit or itemized statement in support of these fees, the Court will deny the request.

- 2 -

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Doc. 20) is **granted**.

2. Plaintiff is awarded **$6,972.03** pursuant to 28 U.S.C. § 2412.

Dated this 23rd day of September, 2014.

_____
David G. Campbell
United States District Judge